**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Shawn L. Harris, | : | |
| | : | Civ. Action No. 15-6118 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| Administrator, A.C.J.F., | : | |
| | : | |
| Respondent, | : | |

**BUMB**, District Judge:

**I.    BACKGROUND**

After terminating Petitioner Shawn L. Harris's ("Harris") previous action because he attempted to bring a habeas petition and civil rights action in one proceeding, the Court reserved this matter for Harris's habeas proceeding. (ECF No. 2.) Harris has now filed an application to proceed in forma pauperis in his habeas proceeding under 28 U.S.C. § 2241 (ECF No. 3-1), and Harris also submitted a new civil rights complaint. (ECF No. 3 at 3-7.) The Court will grant Harris's application to proceed in forma pauperis in his Section 2241 proceeding pursuant to 28 U.S.C. § 1915(a). (ECF No. 3-1.)

1

**II.   THE HABEAS PETITION**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] a judge must promptly examine the petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**A.   Exhaustion of State Remedies**

In a prior order, Harris was instructed that he must show extraordinary circumstances why this Court should exercise jurisdiction over his habeas petition at the pre-trial stage of his state court proceedings. (ECF No. 2.) He failed to do so. Harris alleged that he was subject to a warrantless arrest without probable cause, and that the State failed to state a claim against him. (ECF No. 3 at 2, ¶6.) He further alleged that his counsel is ineffective, and he has been denied substantive due process. (ECF No. 3-2 at 2-3.) These are the type of ordinary claims that must first be exhausted in state court before a federal court will address the merits of federal habeas claims. See Duran v. Thomas, 393 F.App'x 3, 2010 WL 3374095, at *2 (3d Cir. Aug. 27, 2010) (finding nothing extraordinary about the petitioner's warrantless arrest for a controlled substance

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases brought under 28 U.S.C. § 2241 by the scope of the Rules defined in Rule 1.

violation); see Burns v. Taylor, Civ. Action No. 09-5072 (NLH), 2009 WL 3242128, at *4 (D.N.J. Oct. 7, 2009) (declining to address unexhausted claim that there was no probable cause for petitioner's arrest where the petitioner could litigate his claim in state court); see Robertson v. Allegheny County Court of Common Pleas, Civ. Action No. 12-1080, 2012 WL 4712034 (W.D. Pa. Aug. 22, 2012) (dismissing unexhausted claim that there was no evidence presented at preliminary hearing to support charges); see Whitney v. Pennsylvania, Civ. Action No. 12-6241, 2014 WL 1041405, at *7 (W.D. Pa. Mar. 18, 2014) (dismissing pretrial § 2241 habeas claim of ineffective assistance of counsel in state criminal proceeding as premature because petitioner had not exhausted state court remedies).

For these reasons, Harris's habeas petition will be dismissed without prejudice. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction of a state court") (quoting Ex Parte Royall, 117 U.S. 241, 253 (1886)). When a petitioner has not shown extraordinary circumstances or that he has exhausted his state court remedies, the proper procedure is for the petitioner:

> to exhaust his constitutional claims before

3

> all three levels of the New Jersey state courts. If he is unsuccessful (and by that time a criminal judgment has been entered against him), petitioner can then present his constitutional claims in this Court in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Carstarphen v. Camden County Corr. Facility Warden, Civ. No. 14-4596 (RBK), 2014 WL 4723150, at *2 (D.N.J. Sept. 19, 2014) (citing Scheffler v. Brothers, No. 13-0993, 2013 WL 5287224, at *2 (D.N.J. Sept. 18, 2013)).

### III. Civil Rights Complaint

Harris has also filed a new civil rights complaint in this matter. (ECF No. 3 at 3-7.) The Court will instruct the Clerk to refile the civil rights complaint in a new and separate case. The Court will also administratively terminate the new case because Harris has not filed a separate application to proceed in forma pauperis in his civil rights action, as required under 28 U.S.C. § 1915(a)(2).

The Court further notes Harris's § 1983 claims appear to be barred by the statute of limitations. Harris alleged that on March 4, 2008, he was assaulted by someone from the Atlantic County Police Department, causing blindness in his left eye. (Compl., ECF No. 3 at 5.) Harris filed suit in 2008, but he was unable to proceed due to the hardship of being imprisoned and

4

due to the loss of sight in his left eye. (Id.)[2] Harris alleged that it took him seven years to get copies of his medical reports. (Id. at 6.) He also asserted he has filed a suit under 42 U.S.C. § 1983 that is pending upon exhaustion of his state remedies.[3] (Id.)

The statute of limitations for a § 1983 claim is based on the relevant state law statute of limitations for personal injury torts. Wallace v. Kato, 549 U.S. 384, 387 (2007). In New Jersey, the statute of limitations for personal injury torts is two years. N.J. Stat. Ann. § 2A:14-2; Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). Accrual of the claim is governed by federal law, and a § 1983 claim accrues when "the plaintiff has a complete and present cause of action." Patyrak v. Apgar, 511 F.App'x 193, 2013 WL 297773, at *2 (3d Cir. Jan. 25, 2013) (per curiam) (quoting Wallace, 549 U.S. at 388) (citations and internal quotation marks omitted)).

---

[2] Having conducted a search of the Court's electronic case filing system, CM/ECF, the Court believes Harris is referring to Harris v. Iacovone et al., Civil Action No. 09-1606 (JBS), which was dismissed without prejudice for lack of prosecution on February 2, 2010. The Court notes that in Civil Action No. 09-1606 (JBS), Harris sued four individual police officers for causing injury to his left eye in February 2008; and here, he seeks to sue four entities for apparently the same injury.

[3] It is not clear what action Harris is referring to here. According to this Court's search of CM/ECF, the only complaint that Harris filed in this Court regarding injury to his eye in 2008, Civil Action No. 09-1606 (JBS), was dismissed for failure to prosecute, not for exhaustion of state remedies.

Harris had a complete and present cause of action for the injury to his left eye when the injury occurred. He did not have to wait until he obtained his medical records to file his claim. To state a claim in a complaint, a plaintiff must allege plausible facts showing that he is entitled to the relief he seeks, but he is not required to attach proof of his claim. See Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007) ("a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable . . .")

Harris may reopen his civil rights action by filing a complete in forma pauperis application. However, he may wish to consider that if the Court grants the IFP application but dismisses his complaint for failure to state a claim, he will still be required to pay the $350.00 filing fee in installments. See e.g. Siluk v. Merwin, 783 F.3d 421, 424 (3d Cir. 2015) (district court granted IFP application and ordered payment of initial partial filing fee followed by monthly installments; court subsequently dismissed complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)). In addition to the statute of limitations issue discussed above, Harris should be aware of other deficiencies in his civil rights complaint.

First, local government units are not liable under § 1983 solely on based on the actions of their employees. See Monell v. New York City Department of Social Services, 436 U.S. 658, 690–

6

91 (1978) (for municipal liability under § 1983, the injury must be inflicted by the execution of a government's policy or custom). Harris has not alleged that his eye injury was caused by a municipal policy or custom.

Second, as to his claim against Wisda Eye Center:

> [a]lthough it is possible for a private party to violate an individual's § 1983 rights, the individual alleging such a violation is not relieved of the obligation to establish that the private party acted under color of state law. "[T]he inquiry must be whether there is a sufficiently close nexus between the State and the challenged action [of the private party] so that the action of the latter may be fairly treated as that of the State itself."

Kost v. Kozakiewicz, (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

**IV.   CONCLUSION**

In the accompanying Order filed herewith, the Court will grant Harris's application to proceed in forma pauperis in this § 2241 proceeding but will deny his § 2241 habeas petition without prejudice for failure to exhaust state remedies. The Court will also direct the Clerk to file Harris's civil rights complaint as a separate case, and to administratively terminate the case because Harris did not file a properly completed form "Prisoner Applying To Proceed In Forma Pauperis In A Civil Rights Case." Harris may reopen the civil rights case, but if IFP is granted, the complaint will be subject to screening

pursuant to 28 U.S.C. § 1915A, and the payment provisions of 28 U.S.C. § 1915(b).

                                                s/Renée Marie Bumb
                                                **RENÉE MARIE BUMB**
                                                **UNITED STATES DISTRICT JUDGE**

Dated: September 16, 2015