**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Shawn L. Harris, : | |
| : | Civ. Action No. 15-6118 (RMB) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| Administrator of the : | |
| Atlantic County Justice : | |
| Facility et al., : | |
| : | |
| Respondents, : | |

**BUMB**, District Judge:

**I.   BACKGROUND**

Plaintiff initiated two actions by filing a joint habeas petition and civil rights complaint. Harris v. Administrator, Atlantic County Justice Facility et al., ("Harris I"), 15cv6118 (RMB) (ECF No. 3 at 1-4; and ECF No. 3 at 5-7.) This Court directed the Clerk to file Plaintiff's civil rights complaint in a new and separate action, ("Harris II"), 15cv6905 (RMB). The Court then terminated the civil rights complaint, subject to reopening, because Plaintiff did not pay the filing fee or submit an application to proceed in forma pauperis ("IFP"). Harris II, (ECF Nos. 5, 6.)

This matter is now before the Court upon Plaintiff's submission of an IFP application. Harris I, (ECF No. 7.) For the reasons discussed below, the Court will grant the IFP application but dismiss the civil rights complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.   DISCUSSION

Plaintiff has established his inability to pay the filing fee for a civil action pursuant to 28 U.S.C. § 1915(a), and the Court will grant his application to proceed IFP. Harris I, (ECF No. 7.) As the Court noted in its prior Opinion and Order in Plaintiff's civil action, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. Harris II, (ECF Nos. 5, 6.)

Plaintiff did not submit an amended complaint with his IFP application. Therefore, Plaintiff did not cure the deficiencies in his complaint, and the Court will dismiss the complaint for the reasons described in the Court's prior Opinion and Order. See Harris II (ECF Nos. 5, 6.) In summary, Plaintiff's claims, arising in 2008, are barred by the two-year statute of limitations for personal injury torts in New Jersey; and local government units are not liable under 42 U.S.C. § 1983 for the actions of their employees. (Id.) Furthermore, Plaintiff did not

establish that Wisda Eye Center is a state actor liable under 42 U.S.C. § 1983, or that his malpractice claim against Wisda Eye Center is not barred by the statute of limitations. (Id.)

III. CONCLUSION

The Court will reopen this matter and grant Plaintiff's IFP application. However, in the accompanying Order filed herewith, the Court will dismiss the Complaint without prejudice because it is barred by the statute of limitations, and fails to name a proper defendant.

                                    s/Renée Marie Bumb
                                    **RENÉE MARIE BUMB**
                                    **UNITED STATES DISTRICT JUDGE**

**Dated: November 30, 2015**